UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JHAKELYN ELENA VALENCIA-CAYCHO #A221-004-159** | **CASE NO.  3:26-CV-00734 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **U S DEPT OF HOMELAND SECURITY ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Review of Detention [Doc. No. 3] filed by Petitioner, Jhakelyn Elena Valencia-Caycho ("Petitioner"), which we treat as a Temporary Restraining Order.  After carefully considering Petitioner's filings and the applicable law, the Motion is **DENIED**. Petitioner seeks, via this Motion, release from detention due to medical issues relating to her high glucose levels caused by diabetes.[1]

As another Judge of this Court recently stated:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now*. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

---

[2] [Doc. No. 1, p. 3].

1

*Da Silva v. Tellez*, No. 25-CV-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025) (emphasis added).

Since the preliminary relief Petitioner seeks—release from detention—mirrors what the Court interprets to be the ultimate relief sought in the Petition for Writ of Habeas Corpus ("Habeas Petition"),[2] Petitioner's Emergency Motion for Review of Detention [Doc. No. 3] is **DENIED**. Furthermore, to the extent Petitioner's request is based on the quality of medical care received while in custody, such "conditions of confinement" claims are properly challenged in a separate civil rights action pursuant to 42 U.S.C. § 1983, not in a Habeas Petition. *See Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007).[3]

**IT IS ORDERED** that the Habeas Petition [Doc. No. 1] is hereby referred to the Magistrate Judge. The Clerk of Court is instructed to provide Shannon Smitherman, at the United States Attorney's Office, a copy of this Order, via email, and access to the Petition for Writ of Habeas Corpus [Doc. No. 1] and the docket in this matter.

MONROE, LOUISIANA, this 11th day of March 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[2] [Doc. No. 1, p. 3].

[3] If Petitioner wants to pursue a civil rights action, she must file a separate proceeding, utilizing the appropriate complaint form. Petitioner should be aware that to file a separate civil rights proceeding, she must either pay the required filing fee or submit a properly executed application to proceed in forma pauperis. Petitioner is advised that the cost of litigating a civil rights complaint pursuant to Section 1983 is significantly higher than the cost of litigating a habeas corpus petition. Petitioner should likewise be aware that she must exhaust all available administrative remedies before pursuing relief in this Court for her claims concerning her conditions of confinement and medical care.